<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MAHMOUD ELMILLIGY, | Civil Action No. 25-13432 (SDW) (CF) |
| Plaintiff, | |
| v. | **WHEREAS OPINION & ORDER** |
| CHRISTINE MAWAD, | March 6, 2026 |
| Defendant. | |

**WIGENTON, District Judge.**

**THIS MATTER** having come before this Court upon having come before this Court upon Plaintiff Mahmoud Elmilligy's ("Plaintiff") filing of a Complaint (D.E. 1 ("Compl.")) and an application to proceed *in forma pauperis*, (D.E. 5 ("IFP application")),[1] and this Court having *sua sponte* reviewed the Complaint for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure ("Rule") 8(a); and

**WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating he is "unable to pay such fees," but must dismiss a case that is frivolous, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(a)(1), (e)(2)(B); and

---

[1] Plaintiff initially filed a nonconforming IFP application. (D.E. 1.) This Court declines to consider that application and will only rule on Plaintiff's subsequent IFP application.

**WHEREAS** although this Court is sympathetic to Plaintiff's statement that he has been the subject of fraud, that is not reason enough to explain why Plaintiff's application contains little to no information concerning the state of his financial affairs—repeatedly listing $0 as a response throughout. *See Gross v. Cormack*, No. 13-4152, 2013 WL 5435463, at *2 (D.N.J. Sept. 27, 2013) (stating that when making an IFP application, "a plaintiff must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty" (quoting *Simon v. Mercer Cnty. Cmty. Coll.*, No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011)); and

**WHEREAS** *pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "state a plausible claim for relief," *Yoder v. Wells Fargo Bank*, 566 F. App'x 138, 141 (3d Cir. May 9, 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)).  Pursuant to Rule 8(a), "[a] pleading that states a claim for relief must contain:  (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought"; and

**WHEREAS** "[f]ederal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Federal courts "are obliged to notice jurisdictional issues and raise them on their own initiative." *Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 20 (2017) (citing *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011)).  "Although courts hold pleadings drafted by *pro se* litigants to less stringent standards than those drafted by lawyers, *pro se* litigants still bear 'the burden of showing that the case is properly before the court at all stages of the litigation.'" *Ingris v. Borough of Caldwell*, No. 14-6388, 2015 WL 758680, at *2 (D.N.J.

Feb. 23, 2015) (quoting *Phillip v. Atl. City Med. Ctr.*, 861 F. Supp. 2d 459, 466 (D.N.J. 2012)); and

**WHEREAS** Plaintiff is suing Defendant Christine Mawad, whom he describes as a New Jersey resident, for her "misuse [of] private information in coordination with outside actors to interfere" with Plaintiff's financial access.  (Compl. ¶¶ 3, 4, 9).  Plaintiff's Complaint purports this Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1331 yet asserts causes of action for intentional infliction of emotional distress (Count One), tortious interference with economic advantage (Count Two), and civil conspiracy (Count Three).  (Compl. at 2); and

**WHEREAS** given that Plaintiff's Complaint fails to identify a federal cause of action and there is no indication as to the monetary value of his state law claims, this Court concludes it lacks subject matter jurisdiction over this matter.  *See Macellari v. Sherwood*, No. 25-5780, 2026 WL 383969, at *1 (D.N.J. Feb. 11, 2026) (dismissing a *pro se* plaintiff's complaint after concluding the court was unable to determine whether it had subject matter jurisdiction); therefore

**IT IS**, on this 6th day of March 2026,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **DENIED**; and it is further

**ORDERED** that Plaintiff's Complaint is *sua sponte* **DISMISSED** for lack of subject matter jurisdiction.

                                                             ___/s/ Susan D. Wigenton___
                                              **SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:     Parties
        Cari Fais, U.S.M.J.